1  Linda Deos (SBN 179170)
   Deos Law, PC
2  770 L Street, Suite 950
   Sacramento, CA 95814
3  Telephone: (916) 442-4442
   Facsimile: (916) 583-7693
4  Deoslawyer@gmail.com

5  Attorney for Plaintiff

6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8

9  RICHARD BELLINDER, individually, and on        Case No.
   behalf of the general public,
10                                                 **COMPLAINT FOR DAMAGES AND
                     Plaintiffs.                   INJUNCTIVE RELIEF**
11
   vs.                                             **DEMAND FOR JURY TRIAL**
12

13 WELLS FARGO, N.A., EXPERIAN
   INFORMATION SOLUTIONS, INC.,
14 EQUIFAX INFORMATION SERVICES,
   LLC., & TRANS UNION LLC,
15
                     Defendants.
16

17        Plaintiff, Richard Bellinder, individually, and on behalf of the general public, hereby

18 complains against Defendants, Wells Fargo, N.A., Equifax Information Services, LLC, Experian

19 Information Solutions, Inc., and Trans Union LLC damaged each of them by a known wrongful

20 practice of repeated failure to conduct reasonable investigations of Plaintiff's credit reporting

21 disputes and incorrectly reported adverse false and misleading information on Plaintiff's credit

22 reports, and more specifically alleges as follows:

23

24                   **JURISDICTION AND VENUE**

25        1.     Richard Bellinder (herinafter "Plaintiff") brings this action for actual, statutory and

26 punitive damages, injunctive relief, costs and attorney's fees brought pursuant to 15 U.S.C. section

27 1681 *et seq.* (Federal Fair Credit Reporting Act ("FCRA"), and pursuant to state law brought as

28

supplemental claims, including pursuant to California Civil Code section 1785 *et seq* (California Consumer Credit Reporting Agencies Act ("CCRA")).

2.     The jurisdiction of this Court is conferred by 15 U.S.C. Section 1681(p) and 28 U.S.C. § 1367.  Venue lies in the Eastern District of California as Plaintiffs' claims arose from acts of the defendants perpetuated therein.

3.     Plaintiff is a natural person and is a resident and citizen of Solano County, the State of California and of the United States.  Plaintiff is a "consumer" as defined by sections1681a(c) of the FCRA.

4.     Wells Fargo, N.A. (hereinafter "Wells Fargo") is a national banking entity doing business in the State of California.

5.     Wells Fargo is a furnisher of information as contemplated by FCRA section 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

6.     Experian Information Solutions, Inc.(hereinafter "Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of California.

7.     Experian is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)]. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.     Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia corporation, duly authorized and qualified to do business in the State of California.

10.     Equifax is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)]. Upon information and belief, Equifax is regularly engaged in the business of

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12.     Trans Union LLC (hereinafter "Trans Union") is a Delaware corporation, duly licensed and qualified to do business in the State of California.

13.     Trans Union is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)]. Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

15.     In early 2014 Bellinder took over the payments on a Home Loan attached to property co-owned with his ex-wife because she had stopped making the payments. The partial account number is 936041502XXXX and the property is located in Fairfield, California.

16.     In June 2015 Bellinder pulled his credit reports and learned that Wells Fargo reported the Home Loan account as paid late for September 2014 and October 2014.

17.     Bellinder immediately contacted Wells Fargo to dispute the inaccurate payment history being reporting on the Home Loan. He included copies of checks showing timely payments.

18.     In response to the Bellinder's letter Wells Fargo verified that its reporting was correct.

19.     Between June 2015 and August 2015, Bellinder disputed the Home Loan account with Equifax, with Experian, and with Trans Union. Bellinder informed the CRAs that the Home

Loan account was timely for the months of September 2014 and October 2014. He included copies of his checks showing the dates of his payments to Wells Fargo as well as a detailed analysis of his payment history on the Home Loan account evidencing that the Home Loan account was timely paid for those months.

20.     During the course of the investigation that was performed by Equifax as the result of the investigation requests initiated by Bellinder and received by Equifax, Equifax forwarded to Wells Fargo information regarding the disputed account balance, thus providing Wells Fargo with notice of the dispute from Equifax.

21.     During the course of the investigation that was performed by Experian as the result of the investigation requests initiated by Bellinder and received by Experian, Experian forwarded to Wells Fargo information regarding the disputed account balance, thus providing Wells Fargo with notice of the dispute from Experian.

22.     During the course of the investigation that was performed by Trans Union as the result of the investigation requests initiated by Bellinder and received by Trans Union, Trans Union forwarded to Wells Fargo information regarding the disputed account balance, thus providing Wells Fargo with notice of the dispute from Trans Union.

23.     During the course of the investigation initiated by Bellinder, Wells Fargo received Automated Consumer Dispute Verification Forms ("ACDV") from each of the defendant CRAs regarding Bellinder's disputed account balance that was being reported to the defendant CRAs.

24.     In response to each of the ACDVs that it received from Equifax, Experian, and Trans Union regarding Bellinder's disputes, Wells Fargo purported to conduct an investigation of Bellinder's disputes within 30 days of receiving an ACDV.

25.     Wells Fargo, through its employees and/or agents that participated in investigating Bellinder's disputes and completing the ACDVs, ignored the information provided to it from each of the CRAs, the information provided to it from Bellinder, and the information contained in its

own records, and again falsely verified to Equifax, Experian and TransUnion that the Home Loan account was not timely paid for the months of September 2014 and October 2014.

26.     Equifax responded to Bellinder's disputes and stated that the accuracy of the Home Loan account was verified by Wells Fargo.

27.     Experian responded to Bellinder' disputes and stated the accuracy of the Home Loan account was verified by Wells Fargo.

28.     Trans Union responded to Bellinder's disputes and stated that the accuracy of the Home Loan account was verified by Wells Fargo.

29.     As of April 2016 Equifax, Experian and Trans Union each continue to misreport the payment history of the Home Loan account on Bellinder's credit reports.

30.     The CRAs and Wells Fargo's repeated failure to reinvestigate and correct the disputed information resulted in considerable stress, anxiety and extreme frustration for Plaintiff. He is confused and aggravated by each of the CRAs' refusal to remove the negative reporting from Wells Fargo, and by Wells Fargo's insistence in misreporting the payment history of the Home Loan account.

31.     The FCRA and CCRAA require that the CRAs, in preparing credit reports, "follow reasonable procedures to assure maximum possible accuracy of the information" in the report.  15 U.S.C. § 1681e(b) and California Civil Code section 1785.14(b).

32.     The FCRA and CCRAA require that the CRAs conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate; the CRAs must notify the source of the information of the dispute within five days; the CRAs must provide the source with all relevant information received from the consumer; the CRAs must complete the reinvestigation within 30 days; the CRAs must review and consider all relevant information provided by the consumer in conducting the reinvestigation; the CRAs must delete or

modify information that is found to be inaccurate or incomplete, or that cannot be verified and the CRAs must notify consumers of the results of its reinvestigation.

33.    Experian's policies and procedures do not insure compliance with the FCRA and CCRAA.

34.    Equifax's policies and procedures do not insure compliance with the FCRA and CCRAA.

35.    Trans Union's policies and procedures do not insure compliance with the FCRA and CCRAA.

36.    Plaintiff's credit reports and file have been obtained from each of the CRAs and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from obtaining credit and/or decreasing their credit.

37.    Due to the inaccurate payment history on Plaintiff's credit report, Plaintiff was forced to wait several months to refinance his house and as a result paid a higher interest rate, was unable to borrow the same amount because his home value had decreased during that time, and therefore he was unable to pay off certain debts and make needed repairs to his home.

**FEDERAL LAW CLAIMS**

**FIRST CLAIM FOR RELIEF**
**(Violations of the Fair Credit Reporting Act,**
**15. U.S.C. § 1681s-2(b) Against Wells Fargo)**

38.    Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

**15 U.S.C. §1681s-2(b)(1)(A)**

39.    On one or more occasions within the two years prior to the filing of this lawsuit, Wells Fargo violated 15 U.S.C. § 1681a-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes of the Home Loan account.

40.     As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein including credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

41.     Wells Fargo is liable to Plaintiff for the actual damages, statutory damages, costs and attorneys fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

42.     The acts alleged against Wells Fargo were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Wells Fargo's employees' employment and/or managerial authority or pursuant to company policy. Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  In the alternative, Wells Fargo was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**15 U.S.C. §1681s-2(b)(1)(B)**

43.     On one or more occasions within the two years prior to the filing of this lawsuit, Wells Fargo violated 15 U.S.C. § 1681a-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

44.     As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

45.     Wells Fargo is liable to Plaintiff for the actual damages, statutory damages, costs and attorneys fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

46.     The acts alleged against Wells Fargo were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or

were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Defendant Wells Fargo's employees' employment and/or managerial authority or pursuant to company policy. Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n. In the alternative, Wells Fargo was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**15 U.S.C. §1681s-2(b)(1)(D)**

47.      On one or more occasions within the two years prior to the filing of this lawsuit, Wells Fargo violated 15 U.S.C. § 1681a-2(b)(1)(C) by failing to correctly report results of an accurate investigation to each other credit reporting agency.

48.      As a direct and proximate result of such conduct, Plaintiff suffered actual damages as set forth herein credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

49.      Wells Fargo is liable to Plaintiff for the actual damages, statutory damages, costs and attorneys fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and § 1681o.

50.      The acts alleged against Wells Fargo were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff and were done within the course and scope of the Defendant Wells Fargo's employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  In the alternative, Wells Fargo was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

WHEREFORE Plaintiff prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Violation of the FCRA (15 U.S.C. §1681 et seq) Against Equifax)**

51.     Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

52.     Plaintiff forwarded notices of dispute pursuant to 15 U.S.C. §1681i to Equifax notifying Equifax several times that they disputed the inaccurate information contained in their credit reports.  Plaintiff specifically told Equifax that the payment history on the Home Loan account was not being reported correctly. Equifax failed to comply with the requirements of the FCRA including but not limited to the provisions of 15 USC §1681e(b), 15 USC §1681i, 15 USC §1681n and 15 USC §1681o.

**15 U.S.C. § 1681e(b):**

53.     Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff which contained information that was false, misleading and inaccurate as of June 2015, and continuing through until today, including but not limited to reporting the payment history on the Home Loan account incorrectly. Equifax failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. § 1681e(b).

54.     Equifax further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct or delete the false reporting despite receiving documents from Plaintiff supporting his dispute of the Home Loan account.

55.     As a result of Equifax's failure to comply with the requirements of 15 U.S.C. §1681e(b), Plaintiff has suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

56.     Equifax's failure to comply with the requirements of 15 U.S.C. §1681e(b) is negligent within the meaning 15 U.S.C. § 1681o.

57.     As a direct and proximate result of Equifax's negligent violation of 15 U.S.C. §1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported on Plaintiff's credit report, Plaintiff suffered actual damage as set forth herein.

58.     Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the jury, as well as his reasonable attorney's fees, which he may recover therefore pursuant to 15 U.S.C. §1681o.

59.     Equifax's failure to comply with the requirements of 15 U.S.C. §1681e(b) is willful within the meaning 15 U.S.C. §1681n(a).

60.     Equifax knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA that Plaintiff would be harmed by its policy of depending exclusively on information provided by the furnisher leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiff's credit worthiness.

61.     Plaintiff was damaged as a direct and proximate result of Equifax's willful violation of 15 U.S.C. §1681e(b) of failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding Plaintiff's credit history. Equifax is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

**15 U.S.C. §1681i(a)(1)(A):**

62.     At one or more times after notice of Plaintiff's dispute Equifax breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation, including:

(a)  By accepting the ACDV responses from Wells Fargo merely with automatic electronic computer verification without any actual investigation activity by a human being;

(b)  By otherwise failing to conduct actual dispute investigations;

(c)  By conducting only a superficial investigation;

(d)  By conducting an investigation that merely looked to see whether the disputed information was reported as it was received from Wells Fargo rather than considering whether the substance of the information was accurate;

(e)  By failing to contact any person at Wells Fargo to confirm or deny Plaintiff's claims that the account was not paid late for those months;

(f)  By failing to contact the Plaintiff directly to learn of the reason for the dispute and/or his explanation of the facts or any missing information;

(g)  By failing to consider the information contained in the prior disputes of the trade line information or the other prior complaints and other communications made by Plaintiff directly to Wells Fargo regarding the Home Loan account;

63.    In such manner and otherwise Equifax failed to properly reinvestigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in incorrect verification of the false reports, and continued to prepare and issue false consumer reports, including the inaccurate and derogatory Wells Fargo credit report entry.

**15 U.S.C §1681i(a)(4):**

64.    At one or more times after notice of dispute Equifax breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer, including but not limited to, failing to itself actually evaluate the information provided to Equifax by Plaintiff.

**15 U.S.C §1681i(a)(5)(A):**

65.     At one or more times after notice of Plaintiff's dispute Equifax breached its 15 USC §1681i(a)(5) duty to promptly modify or delete the disputed information from the consumer's file once the disputed information could not be verified.  The disputed information could not be verified because it was incorrect and could not be correct. The disputed information was a type of information that could not be completely verified by the procedures employed by Equifax of simply relying on the electronic response of the furnisher of the information.

66.     At one or more times after notice of dispute Equifax willfully breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation.

67.     At one or more times after notice of dispute Equifax willfully breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer.

68.     At one or more times after notice of dispute Equifax willfully breached its 15 USC §1681i(a)(5)(A) duty to promptly modify or delete the disputed information from the consumer's file it could not verify.

69.     Equifax, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather according to its corporate policy, Equifax failed to investigate Plaintiff's claim that Equifax had inaccurately reported his payment history on the Home Loan.

70.     The acts alleged herein of Equifax were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff, and were done within the course and scope of the Defendant's employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  Equifax knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA such that Plaintiff would be harmed by its policy leading to likely violation of the

FCRA resulting in adverse and derogatory information reported regarding Plaintiff's credit worthiness.

71.     As a direct and proximate result of Experian's willful violation of 15 U.S.C. §1681i Plaintiff was damaged and Equifax is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such willful conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

WHEREFORE Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### (Violations of the Fair Credit Reporting Act,
### 15. U.S.C. § 1681e(b) Against Experian)

72.     Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

73.     Plaintiff forwarded notices of dispute pursuant to 15 U.S.C. §1681i to Experian notifying Experian several times that they disputed the inaccurate information contained in their credit reports.  Plaintiff specifically told Experian that the payment history on the Home Loan account was not being reported correctly. Experian failed to comply with the requirements of the FCRA including but not limited to the provisions of 15 USC §1681e(b), 15 USC §1681i, 15 USC §1681n and 15 USC §1681o.

**15 U.S.C. § 1681e(b):**

74.     Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff which contained information that was false, misleading and inaccurate as of June 2015, and continuing through until today, including but not limited to reporting the payment history of the Home Loan account incorrectly. Experian failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff in violation of 15 U.S.C. § 1681e(b).

75.     Experian further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct or delete the false reporting despite receiving documents from Plaintiff supporting his dispute of the Home Loan account.

76.     As a result of Experian's failure to comply with the requirements of 15 U.S.C. §1681e(b), Plaintiff has suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seek damages in an amount to be determined by the jury.

77.     Experian's failure to comply with the requirements of 15 U.S.C. §1681e(b) is negligent within the meaning 15 U.S.C. § 1681o.

78.     As a direct and proximate result of Experian's negligent violation of 15 U.S.C. §1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported on Plaintiff's credit report, Plaintiff suffered actual damage as set forth herein.

79.     Experian is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the jury, as well as his reasonable attorney's fees, which he may recover therefore pursuant to 15 U.S.C. §1681o.

80.     Experian's failure to comply with the requirements of 15 U.S.C. §1681e(b) is willful within the meaning 15 U.S.C. §1681n(a).

81.     Experian knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA that Plaintiff would be harmed by its policy of depending exclusively on information provided by the furnisher leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiff's credit worthiness.

82.     Plaintiff was damaged as a direct and proximate result of Experian's willful violation of 15 U.S.C. §1681e(b) of failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding Plaintiff's credit history. Experian is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

**15 U.S.C. §1681i(a)(1)(A):**

83.     At one or more times after notice of Plaintiff's dispute Experian breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation, including:

(a)  By accepting the ACDV responses from Wells Fargo merely with automatic electronic computer verification without any actual investigation activity by a human being;

(b)  By otherwise failing to conduct actual dispute investigations;

(c)  By conducting only a superficial investigation;

(d)  By conducting an investigation that merely looked to see whether the disputed information was reported as it was received from Wells Fargo rather than considering whether the substance of the information was accurate;

(e)  By failing to contact any person at Wells Fargo to confirm or deny Plaintiff's claim that the payment history was incorrect;

(f)  By failing to contact the Plaintiff directly to learn of the reason for the dispute and/or his explanation of the facts or any missing information;

(g)  By failing to consider the information contained in the prior disputes of the trade line information or the other prior complaints and other communications made by Plaintiffs directly to Wells Fargo regarding the Home Loan account;

84.     In such manner and otherwise Experian failed to properly reinvestigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in incorrect verification of the false reports, and continued to prepare and issue false consumer reports, including the inaccurate and derogatory Wells Fargo credit report entry.

**15 U.S.C §1681i(a)(4):**

85.     At one or more times after notice of dispute Experian breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer, including but not limited to, failing to itself actually evaluate the information provided to Experian by Plaintiff.

**15 U.S.C §1681i(a)(5)(A):**

86.     At one or more times after notice of Plaintiff's dispute Experian breached its 15 USC §1681i(a)(5) duty to promptly modify or delete the disputed information from the consumer's file once the disputed information could not be verified.  The disputed information could not be verified because it was incorrect and could not be correct.  The disputed information was a type of information that could not be completely verified by the procedures employed by Experian of simply relying on the electronic response of the furnisher of the information.

87.     In these ways and others Experian negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of disputed inaccurate information appearing in the Plaintiff's consumer reports in violation of 15 U.S.C. §1681i.

88.     Experian is liable to Plaintiff for the actual damages he has sustained by reason of such negligent conduct, in an amount to be determined by the jury, as well as his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

89.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation.

90.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer.

91.     At one or more times after notice of dispute Experian willfully breached its 15 USC §1681i(a)(5)(A) duty to promptly modify or delete the disputed information from the consumer's file it could not verify.

92.     Experian, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather according to its corporate policy, Experian failed to investigate Plaintiff's claim that Experian had inaccurately reported that the payment history of his Home Loan account.

93.     The acts alleged herein of Experian were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff, and were done within the course and scope of the Defendant's employees' employment and/or managerial authority or pursuant to company policy.  Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  Experian knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA such that Plaintiff would be harmed by its policy leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiff's credit worthiness.

94.     As a direct and proximate result of Experian's willful violation of 15 U.S.C. §1681i Plaintiff was damaged and Experian is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such willful conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

WHEREFORE Plaintiff prays for relief as set forth below.

**FOURTH CLAIM FOR RELIEF**
**(Violation of the FCRA (15 U.S.C. §1681 et seq) Against Trans Union)**

95.     Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

96.     Plaintiff forwarded notices of dispute pursuant to 15 U.S.C. §1681i to Trans Union notifying Trans Union several times that they disputed the inaccurate information contained in their credit reports.  Plaintiff specifically told Trans Union that the payment history of his Home Loan account was not being reported correctly. Trans Union failed to comply with the requirements of the FCRA including but not limited to the provisions of 15 USC §1681e(b), 15 USC §1681i, 15 USC §1681n and 15 USC §1681o.

**15 U.S.C. § 1681e(b):**

97.     Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff which contained information that was false, misleading and inaccurate as of June 2015, and continuing through until today, including but not limited to reporting the payment history of the Home Loan account incorrectly. Trans Union failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiffs in violation of 15 U.S.C. § 1681e(b).

98.     Trans Union further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct or delete the false reporting despite receiving documents from Plaintiff supporting his dispute of the Home Loan account.

99.     As a result of Trans Union's failure to comply with the requirements of 15 U.S.C. §1681e(b), Plaintiff  has suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy,

emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

100.    Trans Union's failure to comply with the requirements of 15 U.S.C. §1681e(b) is negligent within the meaning 15 U.S.C. § 1681o.

101.    As a direct and proximate result of Trans Union's negligent violation of 15 U.S.C. §1681e(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported on Plaintiff's credit report, Plaintiff suffered actual damage as set forth herein.

102.    Trans Union is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the jury, as well as his reasonable attorney's fees, which he may recover therefore pursuant to 15 U.S.C. §1681o.

103.    Trans Union's failure to comply with the requirements of 15 U.S.C. §1681e(b) is willful within the meaning 15 U.S.C. §1681n(a).

104.    Trans Union knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA that Plaintiff would be harmed by its policy of depending exclusively on information provided by the furnisher leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiff's credit worthiness.

105.    Plaintiff was damaged as a direct and proximate result of Trans Union's willful violation of 15 U.S.C. §1681e(b) of failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported regarding Plaintiff's credit history. Trans Union is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

**15 U.S.C. §1681i(a)(1)(A):**

106.    At one or more times after notice of Plaintiff's dispute Trans Union breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation, including:

   (a)  By accepting the ACDV responses from Wells Fargo merely with automatic electronic computer verification without any actual investigation activity by a human being;

   (b)  By otherwise failing to conduct actual dispute investigations;

   (c)  By conducting only a superficial investigation;

   (d)  By conducting an investigation that merely looked to see whether the disputed information was reported as it was received from Wells Fargo rather than considering whether the substance of the information was accurate;

   (e)  By failing to contact any person at Wells Fargo to confirm or deny Plaintiff's claim that the payment history of the Home Loan account was incorrect;

   (f)  By failing to contact the Plaintiff directly to learn of the reason for the dispute and/or his explanation of the facts or any missing information;

   (g)  By failing to consider the information contained in the prior disputes of the trade line information or the other prior complaints and other communications made by Plaintiff directly to Wells Fargo regarding the Home Loan account;

107.    In such manner and otherwise Trans Union failed to properly reinvestigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in incorrect verification of the false reports, and continued to prepare and issue false consumer reports, including the inaccurate and derogatory Wells Fargo credit report entry.

**15 U.S.C §1681i(a)(4):**

108.    At one or more times after notice of dispute Trans Union breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer, including but not limited to, failing to itself actually evaluate the information provided to Trans Union by Plaintiff.

**15 U.S.C §1681i(a)(5)(A):**

109.    At one or more times after notice of Plaintiff's dispute Trans Union breached its 15 USC §1681i(a)(5) duty to promptly modify or delete the disputed information from the consumer's file once the disputed information could not be verified.  The disputed information could not be verified because it was incorrect and could not be correct.  The disputed information was a type of information that could not be completely verified by the procedures employed by Trans Union of simply relying on the electronic response of the furnisher of the information.

110.    In these ways and others Trans Union negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of disputed inaccurate information appearing in the Plaintiff's consumer reports in violation of 15 U.S.C. §1681i.

111.    Trans Union is liable to Plaintiff for the actual damages they have sustained by reason of such negligent conduct, in an amount to be determined by the jury, as well as his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

112.    At one or more times after notice of dispute Trans Union willfully breached its 15 USC §1681i(a)(1)(A) duty to conduct a reasonable dispute reinvestigation.

113.    At one or more times after notice of dispute Trans Union willfully breached its 15 USC §1681i(a)(4) duty to consider all information submitted by the consumer.

114.    At one or more times after notice of dispute Trans Union willfully breached its 15 USC §1681i(a)(5)(A) duty to promptly modify or delete the disputed information from the consumer's file it could not verify.

115.     Trans Union, pursuant to its corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather according to its corporate policy, Trans Union failed to investigate Plaintiff's claim that Trans Union had inaccurately reported the payment history of the Home Loan account.

116.     The acts alleged herein of Trans Union were willful and malicious and were done with fraud or oppression, and in reckless disregard of Plaintiff's rights and were intended to or were known likely to oppress and cause injury to Plaintiff, and were done within the course and scope of the Defendant's employees' employment and/or managerial authority or pursuant to company policy. Plaintiff is therefore entitled to an award of punitive damages pursuant to 15 U.S.C. §1681n.  Trans Union knew or should have known and operated with reckless disregard of the risk that its corporate policy created an unreasonable risk of violation of the statutory consumer protections of the FCRA such that Plaintiff would be harmed by its policy leading to likely violation of the FCRA resulting in adverse and derogatory information reported regarding Plaintiff's credit worthiness.

117.     As a direct and proximate result of Trans Union's willful violation of 15 U.S.C. §1681i Plaintiff was damaged and Trans Union is liable to Plaintiff for the actual damages Plaintiff sustained by reason of such willful conduct together with statutory and punitive damages as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1681n.

WHEREFORE Plaintiff prays for relief as set forth below.

**STATE LAW CLAIMS**

**FIFTH CLAIM FOR RELIEF**
**(Violation of California Consumer Credit Reporting Agencies Act**
**(California Civil Code §1785 et seq) Against Equifax, Experian, & Trans Union Only)**

118.     Plaintiff re-alleges and incorporates herein by reference the allegations of the preceding paragraphs as though set forth fully in this claim for relief.

119.    In doing the acts alleged herein, each defendant failed to comply with the requirements of CCRAA including provisions in effect on September 30, 1996, including but not limited to California Civil Code §1785.16 and §1785.31.

**CALIFORNIA *CIVIL CODE* §1785.14(b)**

120.    Experian, Equifax, and Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Bellinder which contained information that was false, misleading and inaccurate as of June 2015 and continuing through today, including but not limited to reporting the Wells Fargo Home Loan account in a misleading and inaccurate manner. Experian, Equifax, and Trans Union each failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to plaintiff in violation of Civil Code § 1785.14(b), such failure resulting in the Home Loan account being reported inaccurately.

121.    In the manner set forth above and otherwise Experian, Equifax, and Trans Union each failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Bellinder in violation of California Civil Code §1785.14(b), including reporting the Wells Fargo Home Loan account inaccurately.

122.    Experian, Equifax, and Trans Union each further failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported by failing to apply procedures to take action to correct or delete the inaccurate reporting.

123.    Equifax's failure to comply with the requirements of California Civil Code §1785.14(b) is negligent within the meaning of California Civil Code §1785.31(a)(1).

124.    As a direct and proximate result of Equifax's negligent violation of California Civil Code §1785.14(b) in failing to maintain and follow reasonable procedures to assure maximum

possible accuracy of the information it reported, Plaintiff has suffered actual damage as set forth herein.

125.    Equifax is liable to Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, which he may recover therefore pursuant to California Civil Code §1785.31(a)(1).

126.    Equifax's failure to comply with the requirements of California Civil Code §1785.14(b) is willful within the meaning of California Civil Code §1785.31(a)(2).

127.    As a direct and proximate result of Equifax's willful violation of California Civil Code §1785.14(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported, Plaintiff has sustained damages and Equifax is liable to the Plaintiff for the actual damage they suffered along with punitive damages as well as Plaintiff's reasonable attorney's fees and costs pursuant to California Civil Code §1785.31(a)(2).

128.    Experian's failure to comply with the requirements of California Civil Code §1785.14(b) is negligent within the meaning of California Civil Code §1785.31(a)(1).

129.    As a direct and proximate result of Experian's negligent violation of California Civil Code §1785.14(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported, Plaintiff has suffered actual damage as set forth herein.

130.    Experian is liable to Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, which he may recover therefore pursuant to California Civil Code §1785.31(a)(1).

131.    Experian's failure to comply with the requirements of California Civil Code §1785.14(b) is willful within the meaning of California Civil Code §1785.31(a)(2).

132.    As a direct and proximate result of Experian's willful violation of California Civil Code §1785.14(b) by failure to maintain and follow reasonable procedures to assure maximum

possible accuracy of the information it reported, Plaintiff has sustained damages and Experian is liable to the Plaintiff for the actual damage they suffered along with punitive damages as well as Plaintiff's reasonable attorney's fees and costs pursuant to California Civil Code §1785.31(a)(2).

133.    Trans Union's failure to comply with the requirements of California Civil Code §1785.14(b) is negligent within the meaning of California Civil Code §1785.31(a)(1).

134.    As a direct and proximate result of Trans Union's negligent violation of California Civil Code §1785.14(b) in failing to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported, Plaintiff suffered actual damage as set forth herein.

135.    Trans Union is liable to Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, which he may recover therefore pursuant to California Civil Code §1785.31(a)(1).

136.    Trans Union's failure to comply with the requirements of California Civil Code §1785.14(b) is willful within the meaning of California Civil Code §1785.31(a)(2).

137.    As a direct and proximate result of Trans Union's willful violation of California Civil Code §1785.14(b) by failure to maintain and follow reasonable procedures to assure maximum possible accuracy of the information it reported, Plaintiff has sustained damages and Trans Union is liable to the Plaintiff for the actual damage he suffered along with punitive damages as well as Plaintiff's reasonable attorney's fees and costs pursuant to California Civil Code §1785.31(a)(2).

**CALIFORNIA *CIVIL* CODE §1785.16(a):**

138.    At one or more times after notice of dispute Experian, Equifax, and Trans Union each breached its duty to conduct a reasonable dispute reinvestigation pursuant to California Civil Code §1785.16(a), including in the manner set forth above and otherwise and:

(a)  By accepting the ACDV responses from Wells Fargo merely with an automatic electronic computer verification without any actual investigation activity by a human being;

(b)  By otherwise failing to conduct actual dispute investigations;

(c)  By conducting only a superficial investigation;

(d)  By conducting an investigation that merely looked to see whether the disputed information was reported as it was received from Wells Fargo rather than considering whether the substance of the information was accurate;

(e)  By failing to contact any person at Wells Fargo to confirm or deny Plaintiff's claim that the payment history of the Home Loan account was incorrect;

(f)  By failing to contact the Plaintiff directly to learn of the reason for the dispute and/or their explanation of the facts or any missing information; and

(g)  By failing to consider the information contained in the prior disputes of the trade line information, or the other prior complaints and other communications made by Plaintiff directly to Wells Fargo regarding the Home Loan account.

139.   Experian, Equifax, and Trans Union each negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of disputed inaccurate information appearing in Plaintiff's consumer reports as contained in its files pertaining to Plaintiff or in credit reports supplied to third parties in violation of California Civil Code §1785.16(a)

140.   Experian, Equifax, and Trans Union each failed to conduct meaningful investigation as to the quality of response of the credit information from Wells Fargo to the inquiries of the credit reporting agencies regarding the inaccurate information and disputes identified by Plaintiff, and instead deferred to the inadequate investigation and responses by Wells

Fargo despite knowledge of the probability of lack of thorough investigation upon initial dispute notice.

141.    In such manner and otherwise the credit agency Experian, Equifax, and Trans Union each failed to properly reinvestigate Plaintiff's disputes, performed perfunctory and essentially useless investigations and/or reinvestigation resulting in their incorrect verification of the false reports, and continued to prepare and issue false consumer reports including the Wells Fargo Home Loan account.

142.    Experian, Equifax, and Trans Union, each pursuant to its own corporate policy, did not maintain procedures for maximum possible accuracy in reporting by proper response to dispute notification by Plaintiff, rather according to each of its corporate policy, Experian, Equifax, and Trans Union failed to investigate Plaintiff's claim that the information reported by Wells Fargo inaccurate. Experian, Equifax, and Trans Union each knew or should have known that their respective corporate policies created an unreasonable risk that the California consumer protection laws would be violated.

143.    At one or more times after notice of dispute Experian, Equifax, and Trans Union breached its California Civil Code §1785.16(b) duty to promptly add, correct or delete the disputed information from the consumer's file if such information can no longer be verified by the evidence submitted.

WHEREFORE Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief against each Defendant:

1.    Actual damages or statutory nominal damages to be determined by the jury

2.    Punitive damages to be determined by the jury;

3.    Attorneys' fees;

4.      Costs and expenses incurred in the action; and

5.      Such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY IS DEMANDED.**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:      06/09/2016                          DEOS LAW PC


                                                s/*Linda Deos*
                                                LINDA DEOS
                                                Attorney for Plaintiff,
                                                Richard Bellinder